UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                             Plaintiff,

                 -v-

JERRY LI,

                             Defendant.

19-CV-10562 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Plaintiff Securities and Exchange Commission ("SEC") sues Defendant Jerry Li under Sections 13(b)(2)(A), 13(b)(2)(B), 13(b)(5), and 30A of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B), 78m(b)(5), 78dd-1, and Rule 13b2-1 promulgated thereunder, 17 C.F.R. § 240.13b2-1. (*See* Dkt. No. 1 ("Compl.") ¶ 4.) Defendant was served but never appeared, and his default was certified. (*See* Dkts. No. 9, 12.)

The SEC moves for default judgment. (*See* Dkt. No. 15.) It has served that motion and supporting documents. (*See* Dkt. No. 20.) Because the complaint states a claim that Defendant violated federal law and the SEC has substantiated its request for relief, the motion is granted.

**I.    Discussion**

    **A.    Default**

Federal Rule of Civil Procedure 55 establishes a two-step process for entering judgment against a party who fails to defend. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, "the party must apply for a default judgment." Fed. R. Civ. P. 55(b). Defendant was served. (*See* Dkt. No.

1

9.) By not filing a responsive pleading, Defendant failed to defend, and the Clerk has certified his default. (*See* Dkt. No. 12.) The SEC has moved for default judgment. (*See* Dkt. No. 15.)

**B.     Liability**

The default establishes liability. Before entering default judgment, a district court is "required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alterations omitted). The "legal sufficiency of these claims is analyzed under the familiar plausibility standard." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 482-83 (S.D.N.Y. 2021). In conducting that assessment, well-pleaded allegations are taken as true, as the default "is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

The SEC has stated a claim under Section 30A of the Exchange Act. Section 30A, the anti-bribery provision of the Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C.§ 78dd-1, makes it unlawful for any "officer, director, employee, or agent" of an issuer "to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to any foreign official for purposes of" influencing their official decision-making or "securing any improper advantage" in order to assist the issuer "in obtaining or retaining business." *Id.* § 78dd-1(a)(1). The complaint alleges that Defendant, as an officer of an issuer, bribed Chinese government officials to obtain licenses, "stop government investigations," "prevent or reduce fines," and "prevent negative media coverage." (Compl. ¶¶ 19-24.) The complaint further alleges that in doing so, Defendant "communicated telephonically and via email with officers and employees . . . in the United States" to "obtain[] approvals for entertaining" Chinese media and government officials.

(Compl. ¶ 10.) Such allegations suffice to state a claim that Defendant used interstate mails to bribe foreign officials.

The SEC has also stated a claim that Defendant aided and abetted his company's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act. Section 20(e) of the Exchange Act provides that "any person that knowingly or recklessly provides substantial assistance to another person in violation of a provision of" the Exchange Act "shall be deemed to be in violation of such provision." Accordingly, Defendant aided and abetted his company's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act if (i) the company violated Sections 13(b)(2)(A) and 13(b)(2)(B); (ii) Defendant knew of or recklessly disregarded those violations; and (iii) Defendant substantially assisted in the achievement of those violations. *See SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012).

The complaint adequately alleges each element. First, the complaint adequately alleges that Defendant's company violated Sections 13(b)(2)(A) and 13(b)(2)(B). Section 13(b)(2)(A) requires issuers to "make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuers." 15 U.S.C. § 78m(b)(2)(A). Section 13(b)(2)(B) requires issuers to "devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary . . . to permit preparation of financial statements in conformity with generally accepted accounting principles . . . and to maintain accountability of assets;" and "(iii) access to assets is permitted only in accordance with management's general or specific authorization." *Id.* § 78m(b)(2)(B). The complaint alleges that the company mislabeled bribes as legitimate business expenses (*see* Compl. ¶ 25), coached an employee to undermine an audit,

(*see* Compl. ¶ 26), gave fake receipts (*see* Compl. ¶ 27), and incorporated these false expenses into its financial statements (*see* Compl. ¶ 29). Further, it alleges facts raising an inference that internal controls were insufficient to prevent the company from recording those false expenses as legitimate. (*See* Compl. ¶ 30-34.) Second, the complaint adequately alleges that Defendant knew of or recklessly disregarded these violations. It alleges, for example, that Defendant approved a false reimbursement knowing that the expense applications and attached invoices were false. (*See* Compl. ¶ 28.) Third, the complaint adequately alleges that Defendant substantially assisted these violations. It alleges, for example, that Defendant approved expenses for "red envelopes" and cash payments given to government officials. (*See* Compl. ¶ 25.) Such allegations suffice to raise an inference that Defendant aided and abetted accounting violations.

And the SEC has stated a claim under Section 13(b)(5) of the Exchange Act and Rule 13b2-1 thereunder. Section 13(b)(5) states that "[n]o person shall knowingly circumvent or knowingly fail to implement a system of internal accounting controls or knowingly falsify any book, record, or account" of any issuer required to file reports." 15 U.S.C. § 78m(b)(5). Likewise, Rule 13b2-1 states that "no person shall directly or indirectly, falsify or cause to be falsified, any book, record or account" subject to Section 13(b)(2)(A). For the same reasons, the complaint adequately alleges that Defendant violated Section 13(b)(5) and Rule 13b2-1.

### C. Injunction

The SEC has also substantiated its request for a permanent injunction. Section 21(e) of the Exchange Act authorizes federal courts to issue "injunctions . . . and orders commanding . . . any person to comply with the provisions of this title [or] the rules, regulations, and orders thereunder." 15 U.S.C. § 78u(e). "The critical question for a district court in deciding whether to issue a permanent injunction in view of past violations is whether there is a reasonable likelihood that the wrong will be repeated." *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082,

1100 (2d Cir. 1972). In determining whether a reasonable likelihood exists, courts consider: (1) the egregiousness of the conduct; (2) whether the infraction was isolated or systematic; (3) the degree of scienter involved; (4) the sincerity of the defendant's assurance against future violations; and (5) the defendant's recognition of the wrongful nature of his conduct. *See SEC v. Cavanaugh*, 155 F.3d 129, 135 (2d Cir. 1998). The documents provided by the SEC indicate that Defendant orchestrated a scheme to bribe Chinese government officials, falsify expense reports for those bribes, and circumvent accounting controls to conceal those bribes. Defendant has not acknowledged his misconduct or provided any assurance that he will refrain from such conduct in the future. Accordingly, the requested permanent injunction is appropriate.

### D. Damages

The SEC has also substantiated its request for civil damages. On a motion for a default judgment, "a defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Instead, the "burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested." *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "To determine damages, the court may conduct an inquest . . . or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages." *Id.* (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). There is no need for an inquest here.

The Exchange Act authorize a district court to impose civil monetary penalties for violations of the securities laws in three tiers. Tier II penalties are available for a "natural person . . . if the violation . . . involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. § 78u(d)(3)(B)(ii). "[T]he amount of the penalty for each

5

such violation shall not exceed . . . [$80,000-$97,523] for a natural person . . . [or] the gross amount of pecuniary gain." *Id.* But a district court otherwise has "broad discretion to determine the appropriate amount of any penalty in light of the facts and circumstances surrounding each defendant's role in the violations." *S.E.C. v. Boock*, No. 09-CV-8261, 2012 WL 3133638, at *6 (S.D.N.Y. Aug. 2, 2012). In determining the penalty, courts consider: "(1) the egregiousness of the violations; (2) a defendant's scienter; (3) the repeated nature of the violations; (4) a defendant's failure to admit wrongdoing; (5) whether a defendant's conduct created substantial losses or the risk of substantial losses to others; (6) a defendant's lack of cooperation with authorities; and (7) whether the penalty . . . should be reduced due a defendant's demonstrated current and future financial condition." *Boock*, 2012 WL 3133638, at *6.

For the reasons explained above, these factors justify a Tier-II penalty. That penalty amounts to $550,092 in damages. The SEC has substantiated its allegations that Defendant submitted (i) false expense reports that purportedly reflected a reimbursement to a farm in Yantai (*see* Compl. ¶ 28) and (ii) a false certification of its SEC filing in 2014 (*see* Compl. ¶ 35). These violations each justify $80,000 in damages. The SEC has also substantiated its allegations that Defendant (i) endorsed a false audit report in April 2016 (*see* Compl. ¶¶ 33-34), (ii) submitted a false certification of its SEC filing in 2015 (*see* Compl. ¶ 35), (iii) submitted a false certification of its SEC filing in 2016 (*see* Compl. ¶ 35), and (iv) gave false testimony to the SEC in 2016 (*see* Compl. ¶ 36). These violations each justify an award of $97,523.

## II.    Conclusion

For the foregoing reasons, Plaintiff SEC's motion for a default judgment against Defendant Jerry Li is GRANTED. Plaintiff's requested relief is granted in full. The Court permanently enjoins the Defendant, his agents, servants, employees, attorneys-in-fact and assigns, and those persons in active concert or participation with him or who receive actual

notice of the injunction by personal service or otherwise, from (A) violating or aiding and abetting violations of Sections 13(b)(5) and 30A of the Exchange Act, 15 U.S.C. §§ 78m(b)(5) and 78dd-1, and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1; and (B) aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and (b)(2)(B).  Defendant is further ordered to pay $550,092 in civil monetary penalties.

The Clerk of Court is directed to close the motion at Docket Number 15.  The Clerk of Court is directed to enter judgment in accordance with this Opinion and Order and to close this case.

SO ORDERED.

Dated: June 27, 2022
     New York, New York

_____
J. PAUL OETKEN
United States District Judge